# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| RICHARD R. WARBINGTON, Inmate # 52818, Plaintiff, | :: :: :: :: | CIVIL ACTION NO. 1:10-CV-00169-TCB |
| v. | :: :: | |
| THOMAS JEFF WIGINGTON, Defendant. | :: :: | PRISONER CIVIL RIGHTS 42 U.S.C. § 1983 |

## ORDER AND OPINION

Plaintiff Richard Warbington, an inmate at the Rockdale County Jail in Conyers, Georgia, has submitted this *pro se* civil rights action, seeking relief under 42 U.S.C. § 1983, and has been granted *in forma pauperis* status. The matter is now before the Court for an initial screening.

### I. The Legal Framework

**A.  28 U.S.C. § 1915A Review**

Title 28 U.S.C. § 1915A requires a federal court to conduct an initial screening of a prisoner complaint seeking redress from a governmental entity, or from an officer or employee of such an entity, to determine whether the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. A complaint is

frivolous when it "has little or no chance of success" – for example, when it appears "from the face of the complaint that the factual allegations are clearly baseless[,] the legal theories are indisputably meritless," or "the defendant's absolute immunity justifies dismissal before service of process." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (internal quotations omitted). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). See also Ashcroft v. Iqbal, _ U.S. _, 129 S. Ct. 1937, 1951-53 (2009) (holding that Twombly "expounded the pleading standard for all civil actions," to wit, conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible") (internal quotations omitted); Oxford Asset Mgmt. v. Jaharis, 297 F.3d 1182, 1187-88 (11th

Cir. 2002) (stating that "conclusory allegations, unwarranted deductions of facts[,] or legal conclusions masquerading as facts will not prevent dismissal").

## B.  42 U.S.C. § 1983 Cause of Action

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that a defendant's act or omission under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. See Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). If a plaintiff fails to satisfy these pleading requirements or to provide factual allegations supporting a viable cause of action, the claim is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1283-84 (11th Cir. 2003) (affirming district court's dismissal of § 1983 complaint because plaintiffs' factual allegations were insufficient to support asserted constitutional violation). See also L.S.T., Inc. v. Crow, 49 F.3d 679, 683-84 (11th Cir. 1995) (noting that "[i]t is well-established that . . . conclusory allegations are insufficient to state a § 1983 claim for relief").

## II. The Complaint

Warbington sues the Rockdale County Sheriff, Thomas Jeff Wiggington, based on Warbington's alleged inability to obtain "appropriate medical attention" for his medical conditions – cirrhosis of the liver and Hepatitis C – while detained at the

Rockdale County Jail. Warbington claims that he has experienced severe dehydration, fatigue, dizzy spells, weight loss, and constant pain, as if he is "being stabbed by something in [his] stomach and rib cage area." Warbington acknowledges that he has received medication, but claims that its side effects are so debilitating that he cannot continue to take it. Warbington also claims that his skin has a yellow tint due to his liver disease, but Jail personnel will not allow him to follow up with the liver specialist to whom he had been referred on the outside. He seeks immediate appropriate medical treatment and damages for pain and suffering. (Compl. at 3-4.)

### III. Discussion

**A.  Sheriff Wiggington's Amenability to Suit**

A Georgia Sheriff enjoys Eleventh Amendment immunity from a § 1983 claim for money damages or other retrospective relief brought against him in his official capacity because he "functions as an arm of the State when promulgating policies and procedures governing conditions of confinement" at a county jail. See Purcell v. Toombs County, 400 F.3d 1313, 1325 (11th Cir. 2005). "At the same time, § 1983 contemplates, and the Eleventh Amendment does not foreclose, an action against a state official in his official capacity where the plaintiff seeks only prospective, injunctive relief." Powell v. Barrett, 376 F. Supp. 2d 1340, 1345 (N.D. Ga. 2005). In

addition, the Eleventh Amendment does not protect a state official from claims brought against him in his individual capacity. See Hafer v. Melo, 502 U.S. 21, 30-31 (1991) (holding that "the Eleventh Amendment does not erect a barrier against suits to impose individual and personal liability on state officials under § 1983" and that "state officers [are not] absolutely immune from personal liability under § 1983 solely by virtue of the 'official' nature of their acts") (internal quotations omitted). Accordingly, Warbington's suit against Sheriff Wiggington is not foreclosed at this time by the controlling Supreme Court and Eleventh Circuit caselaw. It is noted, however, that unless Warbington can establish that his allegedly inadequate medical treatment is the result of a policy of the Rockdale County Sheriff's Department or Jail, or of Sheriff Wiggington's supervision of the medical department at the Jail, Warbington will not be able to obtain relief in this suit against the Sheriff.

**B.     Deliberate Indifference to a Serious Medical Need**

The Eighth Amendment prohibits indifference to a serious medical need so deliberate that it "constitutes the unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 104 (1976) (internal quotations omitted). The Supreme Court has recognized "the government's obligation to provide medical care for those whom it is punishing by incarceration. An inmate must rely on prison authorities to treat his

5

medical needs . . . . [D]enial of medical care may result in [unnecessary] pain and suffering . . . . [that] is inconsistent" with the view that it is "just that the public be required to care for the prisoner, who cannot by reason of the deprivation of his liberty, care for himself." Id. at 103-04 (citations and internal quotations omitted).

To demonstrate deliberate indifference, a plaintiff must show both "an objectively serious medical need" and the defendant's subjective knowledge of, and more than negligent disregard of, that need. Farrow v. West, 320 F.3d 1235, 1245 (11th Cir. 2003). See also Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir. 1994) (noting that "a 'serious' medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention"), abrogated on other grounds by Hope v. Pelzer, 536 U.S. 730 (2002). A plaintiff may establish deliberate indifference by showing that a prison official failed or refused to provide care for his serious medical condition, delayed care "even for a period of hours," chose "an easier but less efficacious course of treatment," or provided care that was "grossly inadequate" or "so cursory as to amount to no treatment at all." McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999). It appears that Warbington has met the foregoing standard based on his allegations of constant pain and other ill effects while

6

housed at the Rockdale County Jail, which symptoms he contends have been largely ignored.

## IV. Disposition of the Claims

For the foregoing reasons, this Court finds that Warbington has alleged a viable cause of action under § 1983 for deliberate indifference to serious medical needs. Accordingly, in light of the allegations presented, and in deference to Warbington's *pro se* status, his claims are **ALLOWED TO PROCEED** as in any other civil action.

## V. Service of Process and Related Matters

The Clerk **SHALL** send Plaintiff a USM 285 form and summons for Defendant Wiggington. Plaintiff **SHALL** complete and return the forms to the Clerk of Court within twenty (20) days of the entry date of this Order. Plaintiff is warned that failure to comply in a timely manner could result in the dismissal of this civil action. The Clerk **SHALL** resubmit this action to the undersigned if Plaintiff fails to comply.

Upon receipt of the forms, the Clerk **SHALL** prepare a service waiver package for Defendant. The service waiver package must include two (2) Notice of Lawsuit and Request for Waiver of Service of Summons forms (prepared by the Clerk), two (2) Waiver of Service of Summons forms (prepared by the Clerk), an envelope addressed to the Clerk of Court with adequate first class postage for use by Defendant

for return of the waiver form, one (1) copy of the complaint, and one (1) copy of this Order. The Clerk **SHALL** retain the USM 285 form and summons for Defendant.

Upon completion of the service waiver package, the Clerk **SHALL** complete the lower portion of the Notice of Lawsuit and Request for Waiver form and mail a service waiver package to Defendant, who has a duty to avoid unnecessary costs of serving the summons. If Defendant fails to comply with the request for waiver of service, he must bear the costs of personal service unless good cause can be shown for failure to return the Waiver of Service form.

In the event Defendant does not return an executed Waiver of Service form to the Clerk of Court within thirty-five (35) days following the date the service waiver package is mailed, the Clerk **SHALL** prepare and transmit to the U.S. Marshal's Service a service package for Defendant. The service package must include the USM 285 form, the summons, and one (1) copy of the complaint. Upon receipt of the service package, the U.S. Marshal's Service **SHALL** personally serve Defendant. The executed waiver form or the completed USM 285 form **SHALL** be filed with the Clerk.

Plaintiff **SHALL** serve upon each Defendant or each Defendant's counsel a copy of every additional pleading or other document that is filed with the Clerk of

8

Court. Each pleading or other document filed with the Clerk **SHALL** include a certificate stating the date on which an accurate copy of that paper was mailed to each Defendant or each Defendant's counsel. This Court will disregard any submitted papers which have not been properly filed with the Clerk or which do not include a certificate of service.

Plaintiff also **SHALL** keep the Court and each Defendant advised of his current address at all times during the pendency of this action. Plaintiff is admonished that the failure to do so may result in the dismissal of this action.

This case **SHALL** proceed on a four (4) month discovery track, beginning thirty (30) days after the appearance of the first Defendant by answer to the complaint, subject to extension by motion filed prior to the expiration of the discovery period. See LR 26.2(A)-(B), NDGa.

**IT IS SO ORDERED** this 31st day of March, 2010.

_____
TIMOTHY C. BATTEN, SR.
UNITED STATES DISTRICT JUDGE

9